UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOHNNY DALE FLOYD; (2) VIRGINIA FLOYD; (3) JENNIFER GAIL ROBINSON; (4) LORENA ANN GOFORTH; and (5) JOANNA PAUL,<br><br>        Plaintiffs.<br>v.<br><br>(1) BP p.l.c.; (2) ATLANTIC RICHFIELD COMPANY; (3) BP CORPORATION NORTH AMERICA INC.; (4) BP AMERICA INC.; (5) BP PIPELINES (NORTH AMERICA) INC.; (6) MARATHON OIL CORPORATION; (7) MARATHON OIL COMPANY; (8) MARATHON PETROLEUM CORPORATION; (9) MARATHON PETROLEUM COMPANY LP; (10) KINDER MORGAN, INC.; (11) EPEC OIL COMPANY LIQUIDATING TRUST; (12) EL PASO TENNESSEE PIPELINE CO., L.L.C.; (13) EL PASO ENERGY, E.S.T. CO.; (14) EPEC OIL COMPANY; (15) MIDWESTERN GAS TRANSMISSION CO.; (16) BOLIN OIL COMPANY, a partnership, its partners, (17) DANIEL HOUSTON BOLIN, (18) DANIEL PHILLIPS BOLIN, (19) ROBERT LEE BOLIN, (20) CHARLES WILLIAM BOLIN, and the successors of the Bolins; and (21) PHILLIP ELIAS,<br><br>        Defendants. | Case No. 21-cv-00132-JED-CDL<br><br>(Removed from the District Court of Creek County, Bristow Division Case No. BCJ-2020-00025) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Kinder Morgan, Inc. ("Kinder Morgan"), subject to all of its defenses, which are expressly reserved herein, by and through its undersigned counsel, hereby removes the above-captioned action from the District Court of Creek

County, Bristow Division, State of Oklahoma to the United States District Court for the Northern District of Oklahoma. Kinder Morgan removes this case on the basis of this Court's original diversity jurisdiction under 28 U.S.C. § 1332(a). Complete diversity of citizenship exists among the properly joined parties in this action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of removal, Kinder Morgan states as follows:

## I.   INTRODUCTION

1. On November 6, 2020, Plaintiffs Johnny Dale Floyd, Virginia Floyd, Jennifer Gail Robinson, Lorena Ann Goforth, and Joanna Paul ("Plaintiffs"), filed a Petition (the "Petition") in Case No. BCJ-2020-00025 in the District Court of Creek County, Bristow Division, State of Oklahoma (the "State Court Action").

2. This Notice of Removal is filed within the time permitted by 28 U.S.C. § 1446, as service of process was made on Kinder Morgan in the State Court Action on February 23, 2021. In compliance with 28 U.S.C. § 1446(a) and Rule 81.2 of the Local Civil Rules for the United States District Court for the Northern District of Oklahoma, all documents filed and/or served in the State Court Action as well as the docket sheet are attached hereto. A true and correct copy of the Summons served on Kinder Morgan in the State Court Action is attached as Exhibit 1, a true and correct copy of the Petition is attached as Exhibit 2, and a true and correct copy of the Docket Sheet is attached as Exhibit 3. All remaining pleadings filed in the State Court Action are attached as Exhibits 4 through 12.

## II.   BASES FOR DIVERSITY JURISDICTION

3. This Court has original diversity jurisdiction over this case under 28 U.S.C. § 1332(a). Complete diversity of citizenship exists among the properly joined parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Complete diversity

of citizenship among the properly joined parties existed at the time Plaintiffs filed the State Court Action and exists at the time of this Notice of Removal.

    **A.**    **Diversity of Citizenship**

4.    Complete diversity of citizenship exists among Plaintiffs and all properly joined Defendants in this lawsuit because Plaintiffs are Arkansas and Oklahoma citizens, and each properly joined Defendant in this lawsuit is a citizen of a State other than Arkansas or Oklahoma or a citizen of a foreign state. *See* 28 U.S.C. § 1332(a)(3) (conferring diversity jurisdiction in certain instances where the action is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]").

    **i.**    **Citizenship of Plaintiffs**

5.    Plaintiffs Johnny Dale Floyd, Virginia Floyd and Joanna Paul are now, and were at the time that the State Court Action was filed, domiciled in, and therefore citizens of, the State of Oklahoma. Petition, ¶ 1, Exhibit 2; *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006) ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile.").

6.    Plaintiffs Jennifer Robinson and Lorena Goforth are now, and were at the time that the State Court Action was filed, domiciled in, and therefore citizens of, the State of Arkansas. Petition, ¶ 1, Exhibit 2; *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006) ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile.").

### ii. Citizenship of the Properly Joined Defendants[1]

7. The Defendants properly joined in this lawsuit are BP p.l.c., Atlantic Richfield Company, BP Corporation North America, Inc., BP America Inc., BP Pipelines (North America) Inc.; Marathon Oil Corporation, Marathon Oil Company, Marathon Petroleum Corporation, Marathon Petroleum Company LP (collectively, the "Marathon Defendants"); Kinder Morgan, EPEC Oil Company Liquidating Trust, El Paso Tennessee Pipeline Co., LLC, El Paso Energy E.S.T. Co., EPEC Oil Company (collectively, the "Kinder Morgan Defendants"); Bolin Oil Company, Daniel Houston Bolin, Daniel Phillips Bolin, Robert Lee Bolin, and Charles William Bolin (collectively, the "Bolin Defendants") (collectively, the "Properly Joined Defendants"). The Properly Joined Defendants are defined in the Petition as the "Operational Defendants", and each is now, and was at the time the State Court Action was filed, citizens of a jurisdiction other than Arkansas or Oklahoma. Philip Elias was also improperly included in the Operational Defendants, as will be addressed below.

8. For diversity jurisdiction purposes, a corporation is a citizen of every State and foreign state in which it is incorporated and the State or foreign state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

9. As correctly pled in the Petition, Defendant BP p.l.c. is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business in London, England. Therefore, it is a citizen of the United Kingdom. Petition, ¶ 3, Exhibit 2.

---

[1] The term "Properly Joined Defendants" as used herein refers solely to those Defendants who were not fraudulently joined by Plaintiffs, and does not prejudice or waive any Defendant's right to assert and defend on the basis that it is not a proper defendant to this action nor liable for Plaintiffs' claims.

10. As correctly pled in the Petition, Defendant Atlantic Richfield Company is a Delaware Corporation. Plaintiffs assert that Atlantic Richfield Company's principal place of business is in the State of California – that is incorrect. Atlantic Richfield Company's principal place of business is in the State of Texas. Therefore, it is a citizen of Delaware and Texas. Petition, ¶ 4, Exhibit 2.

11. As correctly pled in the Petition, Defendant BP Corporation North America Inc. is an Indiana corporation. Defendant BP Corporation North America Inc.'s principal place of business is in the State of Texas. Therefore, it is a citizen of Indiana and Texas. Petition ¶ 5, Exhibit 2.

12. As correctly pled in the Petition, Defendant BP Pipelines (North America) Inc. is a Maine corporation. BP Pipelines (North America) Inc.'s principal place of business is in the State of Illinois. Therefore, it is a citizen of Maine and Illinois. Petition, ¶ 6, Exhibit 2.

13. As correctly pled in the Petition, Defendant BP America, Inc. is a Delaware corporation. BP America Inc's principal place of business is in the State of Texas. Therefore, it is a citizen of Delaware and Texas. Petition, ¶ 7, Exhibit 2.

14. As correctly pled in the Petition, Defendant Marathon Oil Corporation is a Delaware corporation with its principal place of business in Houston, Texas. Therefore, it is a citizen of Delaware and Texas. Petition, ¶ 8, Exhibit 2.

15. As correctly pled in the Petition, Defendant Marathon Petroleum Corporation is a Delaware corporation with its principal place of business in Findlay, Ohio. Therefore, it is a citizen of Delaware and Ohio. Petition, ¶ 9, Exhibit 2.

16. As correctly pled in the Petition, Marathon Oil Company is an Ohio corporation. Marathon Oil Company's principal place of business is in the State of Texas. Therefore, it is a citizen of Ohio and Texas. Petition, ¶ 10, Exhibit 2.

17. Plaintiffs incorrectly plead in the Petition that Marathon Petroleum Company LP is a Delaware corporation. Petition, ¶ 11, Exhibit 2. Marathon Petroleum Company LP is a Delaware limited partnership with its principal place of business in the State of Ohio. Marathon Petroleum Company LP has three partners, general partner MPC Investment LLC and limited partners Marathon Petroleum Corporation and Giant Industries, Inc. MPC Investment LLC is a Delaware limited liability company with its principal place of business in the State of Ohio. The sole member of MPC Investment LLC is Marathon Petroleum Corporation. Marathon Petroleum Corporation is a Delaware corporation with its principal place of business in the State of Ohio. Giant Industries, Inc. is a Delaware corporation with its principal place of business in the State of Ohio. Therefore, Marathon Petroleum Company, LP is a citizen of Delaware and Ohio.

18. As correctly pled in the Petition, Defendant Kinder Morgan is a Delaware corporation with its principal place of business in Houston, Texas. Therefore, it is a citizen of Delaware and Texas. Petition, ¶ 15, Exhibit 2.

19. EPEC Oil Company ("EPEC") was a Delaware corporation but was dissolved on December 18, 1998 and has no principal place of business. As such, it is a citizen of only its state of incorporation, Delaware.

20. El Paso Energy E.S.T. Co. is a Delaware corporation with its principal place of business in the State of Texas. Therefore, it is a citizen of Delaware and Texas. EPEC Oil Company Liquidating Trust is a trust whose trustee is El Paso Energy E.S.T. Co. The trust's

citizenship is determined by the citizenship of its trustee, a citizen of Delaware and Texas. *See Johnson v. Columbia Properties*, 437 F.3d 894 (9th Cir. 2006).

21. Plaintiffs incorrectly plead in the Petition that El Paso Tennessee Pipeline Co., LLC is a Delaware corporation with its principal place of business in the State of Texas. El Paso Tennessee Pipeline Co., LLC is a limited liability company whose sole member is Kinder Morgan Inc. As set forth above, Kinder Morgan Inc. is a citizen of Delaware and Texas. Therefore, El Paso Tennessee Pipeline Co., LLC is a citizen of Delaware and Texas. *Siloam Springs Hotel, LLC v. Century Surety Co.,* 781 F.3d 1233, 1234 (10th Cir. 2015).

22. As pled in the Petition, Bolin Oil Company is a partnership formed in Texas whose partners, Daniel Houston Bolin, Daniel Phillips Bolin, Robert Lee Bolin and Charles William Bolin, are residents of Texas. Petition, ¶ 20, Exhibit 2. *See Depex Reina 9 Partnership v. Texas Internat'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990) ("In the case of a partnership, the partnership is a citizen of each state in which a partner is a citizen."). Therefore, the Bolin Defendants are citizens of Texas.

23. Therefore, complete diversity of citizenship exists between Plaintiffs and the Properly Joined Defendants under 28 U.S.C. § 1332(a)(3). Plaintiffs are now, and were at the time that the State Court Action was filed, citizens of Arkansas and Oklahoma. The Properly Joined Defendants are now, and were at the time that the State Court Action was filed, citizens of the United Kingdom, Texas, Delaware, Ohio, Maine, Illinois and Indiana.

### iii. Citizenship of the Other Defendants

24. The Petition also names as defendants a corporation and an individual (collectively, the "Other Defendants").

25. As pled in the Petition, Defendant Midwestern Gas Transmission Co. is a Delaware corporation with its principal place of business in the State of Oklahoma. Based on these averments, Midwestern is a citizen of Delaware and Oklahoma. Petition, ¶ 19, Exhibit 2.

26. As pled in the Petition, Defendant Philip Elias is a resident of Creek County, Oklahoma. Based on the averments by Plaintiffs, which Kinder Morgan has not independently verified, Elias is a citizen of Oklahoma. Petition, ¶ 21, Exhibit 2. "Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile." *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (citing *Walden v. Broce Construction Co.*, 357 F. 2d 242, 245 (10th Cir. 1966)) (holding that citizenship was established for diversity jurisdiction purposes by evidence of residence).

27. Kinder Morgan acknowledges that if any of the Other Defendants were properly joined in this action, diversity would not be complete. However, as set forth below, the Other Defendants are nominal and are improperly joined in this lawsuit. Accordingly, the Court should disregard their citizenship for purposes of determining diversity.

### B. Improper Joinder of the Other Defendants

28. The Other Defendants are nominal and have been improperly joined in this action because there is no possibility that Plaintiffs can establish a cause of action against them.

29. In general, "a defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Von Downum v. Synthes*, 908 F. Supp.2d 1179, 1182 (N.D. Okla. 2012) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

30. A removing defendant can demonstrate fraudulent joinder by showing that the plaintiff "has no possibility of recovery against the non-diverse defendant." *Von Downum v.*

*Synthes*, 908 F. Supp.2d at 1182. *See also Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) ("…though a cause of action be stated, the joinder is…fraudulent if in fact no cause of action exists"); *Wiley v. Safeway Stores*, 400 F. Supp. 653, 655 (N.D. Okla. 1975) ("When an issue of fraudulent joinder of a nondiverse defendant is raised, the Court must determine whether a cause of action is stated against the nondiverse defendant as provided by state law.").

31. The standard for determining that no cause of action can be sustained against the nondiverse defendant is similar to the standard for granting a motion to dismiss for failure to state a claim against that defendant. *See Slover v. Equitable Variable Life Ins. Co.,* 443 F. Supp.2d 1272, 1278-79 (N.D. Okla. 2006); *Town of Freedom, Okla. v. Muskogee Bridge Co., Inc.*, 466 F. Supp. 75, 78 (W.D. Okla. 1978). As a result, if a plaintiff cannot "make at least minimal factual allegations, either direct or inferential, as to every material element of [its] claim[,]" the court will make a finding of fraudulent joinder. *Slover*, 443 F. Supp.2d at 1279.

### i. Midwestern Gas Transmission Co.

32. Midwestern is not included in the group of Defendants that Plaintiffs label the Operational Defendants. Petition at 2, fn. 1. Operational Defendants are allegedly those defendants who are former operators of the oil refineries, tank farms, pipelines, lands and related facilities at the Wilcox Site. Petition, ¶ 22, Exhibit 2. Rather, Midwestern is named as a defendant based on the allegation that it "was the sole shareholder" of EPEC. Petition, ¶ 19, Exhibit 2. Plaintiffs allege that Midwestern is liable for all or part of the claims brought against EPEC Oil Company under Okla. Stat. tit. 24, § 116 because EPEC distributed assets to Midwestern, its sole shareholder, as part of a fraudulent transfer to avoid liability. Petition, ¶¶ 60 – 67, Exhibit 2.

33. Plaintiffs have no standing to assert a fraudulent transfer claim against Midwestern. A claim for fraudulent transfer under Oklahoma's Uniform Fraudulent Transfer Act, 24 O.S.

§ 116, requires a "transfer made or obligation incurred by a debtor" that is "fraudulent as to a creditor." A "creditor" under the UFTA means a person who has a claim, defined as a "right to payment." 24 O.S. § 113. Plaintiffs are not and have never been creditors of Midwestern. They have no claim against Midwestern for any injury (independent of the fraudulent transfer claim), upon which Midwestern could be said to be a "debtor" that fraudulently transferred assets. Plaintiffs' fraudulent transfer claim instead asks the Court to opine on whether an alleged transfer of assets was fraudulent if one were to assume Plaintiffs were creditors. This does not present a justiciable controversy. *See Bristow First Assembly of God v. B.P. p.l.c.*, 210 F. Supp. 3d 1284, 1290 (N.D. Okla. 2016) ("Justiciable" refers to a case or controversy with antagonistic demands," which cannot be "merely speculative.") An absence of justiciability requires dismissal. *Id.* (citing *Tulsa Indus. Auth. v. City of Tulsa*, 270 P.3d 113, 120 (Okla. 2011)).

34.   Plaintiffs have also failed to plead other required elements for a fraudulent transfer claim under 24 O.S. § 116. Section 116(A) states that a "transfer made or obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or incurred the obligation (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor (a) was engaged or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or (b) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay they became due." Plaintiffs allege only that Midwestern "did not accept the transfer of assets from EPEC in good faith and for a reasonably equivalent value." Petition, ¶ 66. This fails to meet the elements required by Section 116(A)(1) or Section 116(A)(2).

35. Oklahoma law also expressly prohibits the filing of a claim against a shareholder for liability of a corporation of which it is a shareholder.  Okla. Stat. tit. 12, § 682(b)  ("No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied.")  There has been no judgment against EPEC Oil Company, and as a consequence no unsatisfied judgment.  Therefore, Plaintiffs cannot assert a claim "of any nature" against Midwestern.

36. If Plaintiffs ever could have asserted a fraudulent transfer claim against Midwestern, that claim is now time-barred, evident from Plaintiffs' allegations.  For a fraudulent transfer claim based on the receipt of assets "without receiving a reasonably equivalent value"— 24 O.S. § 116(A)(2)—a cause of action for fraudulent transfer must be brought within four years after the transfer was made or the obligation was incurred. 24 O.S. § 121(2).  Plaintiffs allege that the purported fraudulent transfer occurred in the 1990s, Petition, ¶¶ 36, 61–64, thus the four-year period for Plaintiffs assert a claim that this transfer was fraudulent has long since passed.

        **ii.**     **Philip Elias**

37. Plaintiffs allege that Philip Elias "owned or operated lands and/or facilities within the Wilcox Site and adjacent to the Church property."  Petition, ¶ 21, Exhibit 2.  Plaintiffs do not allege that Elias ever owned the Church property or operated facilities on the Church property. Plaintiffs include Elias in the defendants labeled Operational Defendants and therefore he would be subject to all of the claims against the Operational Defendants.  However, Elias does not fit the Plaintiffs' definition of an Operational Defendant.  Elias is not alleged to have been a former operator of oil refineries and related facilities on the Wilcox Site.  Therefore, Plaintiffs' attempt to include him within the claims against the Operational Defendants is unavailing.

38.     Plaintiffs purported claims against Elias are actually premised on allegations that in 1998, Elias, purportedly in concert with Tenneco, used heavy equipment to cover oily waste and cut a berm that allowed hazardous waste to migrate to the Sand Creek. Petition, ¶¶ 21, 54-55, Exhibit 2. Plaintiffs allege that these actions were intended to deceive future purchasers and land occupiers into thinking that the contamination on the Wilcox Site did not exist. Petition, ¶56, Exhibit 2.

39.     Plaintiffs allege that they sustained personal injuries, e.g. negative health effects, annoyance and inconvenience, as a result of residing in the parsonage on the Church Property from 1991 – 1995 and allegedly being exposed to contamination. Petition, ¶¶ 1-2, Exhibit 2. Plaintiffs do not allege that they ever owned the Church Property. Even if the allegations against Elias are taken as true, that he cut a berm on his property in 1998 that allowed contamination to migrate, it is impossible that such action could have caused personal injury to Plaintiffs during the period from 1991 to 1995 that they lived on the Church Property. Thus, Plaintiffs have no cause of action against Elias upon which they could recover.

40.     Because Plaintiffs' claim against Midwestern Gas Transmission Co. is prohibited by Oklahoma law, and because Plaintiffs fail to state a claim against Philip Elias, Plaintiffs have no possibility of recovery under the claims pled against the Other Defendants. The Other Defendants are thus nominal defendants improperly joined in this lawsuit and their citizenship should be ignored for purposes of diversity. *See Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369 (10th Cir. 1998) ("[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.") (citing *Navaro Savings Association v. Lee*, 446 U.S. 458, 460-61 (1980)).

### C. Amount in Controversy

41. The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. Plaintiffs specifically admit as much, stating that "[t]he amount sought as damages exceeds the dollar requirement for diversity jurisdiction under 28 USCA § 1332". Petition, ¶ 33, Exhibit 2.

42. Removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(B). In establishing the amount in controversy, a removing defendant may rely on allegations in the Petition, including any estimate of potential damages alleged by the plaintiff. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008).

43. Kinder Morgan therefore relies on Plaintiffs' specific allegation that the amount in controversy meets the jurisdictional requirement. Petition, ¶ 33, Exhibit 2.

44. Because Plaintiffs are Arkansas and Oklahoma citizens and the Properly Joined Defendants are citizens of states other than Arkansas and Oklahoma and of a foreign state, and because the amount in controversy exceeds the jurisdictional threshold amount, this Court has original diversity jurisdiction over this case under 28 U.S.C. §§ 1332 and 1441.

### III. TIMELINESS OF REMOVAL

45. As required by 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed on March 24, 2021, within thirty (30) days of Kinder Morgan's receipt of the Summons and Petition on February 23, 2021.

## IV.     OTHER PROCEDURAL REQUIREMENTS

46.     Kinder Morgan has filed this Notice of Removal in the United States District Court for the Northern District of Oklahoma, which is the district within which the State Court Action is pending.  *See* 28 U.S.C. §§ 1441(a).

47.     The docket in the State Court Action reflects a Summons issued to Bolin Oil Company but no return of service or entry of appearance for Bolin Oil Company.  The docket does not reflect any Summonses issued for Daniel Houston Bolin, Daniel Phillips Bolin, Robert Lee Bolin or Charles William Bolin.

48.     Each of the Properly Joined Defendants appearing in the State Court Action has consented to removal of the State Court Action, as required by 28 U.S.C. § 1446(b)(2)(A).  *See Bruning v. City of Guthrie*, No. CIV-15-0003-HE, 2015 WL 1843610, at *2 (W.D. Okla. April 21, 2015) ("The court concludes that the better view, and that most likely to prevail if addressed by the higher appellate courts, is that most recently expressed by the Fourth Circuit: a notice of removal signed and filed by an attorney for one defendant, representing unambiguously that the other defendants consent to the removal, satisfies the requirement of consent.").  The Kinder Morgan Defendants consent to the removal. Kinder Morgan has also requested and obtained the consent of BP p.l.c., Atlantic Richfield Company, BP Corporation North America, Inc., BP Pipelines (North America) Inc., BP America Inc., and the Marathon Defendants to removal of the State Court Action.  True and correct copies of the consents of the BP Defendants and the Marathon Defendants are attached hereto as Exhibits 13 through 17.

49.     Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be provided to all adverse parties, as required by 28 U.S.C. § 1446(d).

4799607.4:520758.02097

50. Kinder Morgan will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Creek County, Bristow Division, Oklahoma, where the State Court Action was pending, as required by 28 U.S.C. § 1446(d).

51. By removing this action to this Court, Kinder Morgan does not waive any defenses, objections, or motions under state or federal law.

52. If Plaintiff challenges the removal of this action, Kinder Morgan requests the opportunity to conduct discovery or brief any disputed issues and to present oral argument in support of its position that this action is properly removable. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

## V.    CONCLUSION

For these reasons, Defendant Kinder Morgan hereby removes the State Court Action to the United States District Court for the Northern District of Oklahoma, in accordance with 28 U.S.C. §§ 1441 and 1446 and Rule 81.2 of the Local Civil Rules of the United States District Court for the Northern District of Oklahoma. Defendant respectfully requests that this Court assume jurisdiction over this action, that all further proceedings in the State Court Action be stayed, and that this Court ignore the improperly joined Other Defendants' citizenship for purposes of determining diversity.

Dated March 24, 2021    Respectfully submitted,

/s/ Mark Banner
Mark Banner, OBA No. 13243
Dawson A. Brotemarkle, OBA No. 31495
HALL, ESTILL, HARDWICK, GABLE,
  GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
mbanner@hallestill.com
dbrotemarkle@hallestill.com

**ATTORNEYS FOR DEFENDANTS KINDER MORGAN, INC., EPEC OIL COMPANY LIQUIDATING TRUST, EL PASO TENNESSEE PIPELINE CO., L.L.C., EL PASO ENERGY, E.S.T. CO., AND EPEC OIL COMPANY**

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2021, a true and correct copy of the foregoing Notice of Removal was served via U.S. mail, postage prepaid, upon counsel as follows:

| | |
|---|---|
| Michael J. Blaschke, Esq.<br>MICHAEL J. BLASCHKE P.C.<br>Landmark Towers West, Suite 1000<br>3555 N.W. 58th Street<br>Oklahoma City, OK 73112<br><br>Allan DeVore, Esq.<br>Jandra Susanne Cox, Esq.<br>DEVORE LAW FIRM, PLC<br>5709 N.W. 132nd Street<br>Oklahoma City, OK 73142<br>**ATTORNEY FOR PLAINTIFFS** | A. Scott McDaniel, Esq.<br>Stacy L. Acord, Esq.<br>Melissa A. East, Esq.<br>MCDANIEL ACORD, PLLC<br>9343 E. 95th Court<br>Tulsa, OK 74133<br>**ATTORNEYS FOR DEFENDANTS BP P.L.C., ATLANTIC RICHFIELD COMPANY, BP CORPORATION NORTH AMERICA INC., AND BP PIPELINES (NORTH AMERICA) INC.** |
| James Key, Esq.<br>Michael K. Reer<br>HARRIS, FINLEY & BOGLE, P.C.<br>777 Main Street, Suite 1800<br>Fort Worth, TX 76102<br>**ATTORNEY FOR PLAINTIFFS** | Mike Jones, Esq.<br>MIKE JONES, P.C.<br>116 North Elm<br>Bristow, OK 74010<br>**ATTORNEYS FOR DEFENDANT PHILIP ELIAS** |
| Steven J. Adams, Esq.<br>Timothy J. Sullivan, Esq.<br>GableGotwals<br>1100 ONEOK Plaza<br>100 West Fifth Street<br>Tulsa, OK 74103-4217<br>**ATTORNEYS FOR DEFENDANT MIDWESTERN GAS TRANSMISSION CO.** | Kenneth H. Blakley, Esq.<br>Robert D. Edinger, Esq.<br>Jacqueline G. Stone, Esq.<br>Travis W. Brown, Esq.<br>EDINGER LEONARD & BLAKLEY, PLLC<br>6301 N. Western Ave.; Suite 250<br>Oklahoma City, OK 73118<br>**ATTORNEYS FOR MARATHON DEFENDANTS** |

*/s/ Mark Banner*
Mark Banner

4799607.4:520758.02097